ANNE J. VELDHUIS
NOLAN J. MAYTHER
ANIRUDH KRISHNA
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate. Ave. Rm. 10-0101
San Francisco, CA 94102
Telephone: (415) 934-5300
anne.veldhuis@usdoj.gov
nolan.mayther@usdoj.gov
Anirudh.krishna@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. |
| v. | ) |
| | ) |
| KEVIN MAHLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PLEA AGREEMENT

The United States of America and KEVIN MAHLER ("defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1. The defendant understands his rights:

    (a) to be represented by an attorney;

    (b) to be charged by Indictment;

    (c) to plead not guilty to any criminal charge brought against him;

    (d) to have a trial by jury, at which he would be presumed not guilty of the charge

1

and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for him to be found guilty;

(e) to confront and cross-examine witnesses against him and to subpoena witnesses in his defense at trial;

(f) not to be compelled to incriminate himself;

(g) to appeal his conviction, if he is found guilty; and

(h) to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendant knowingly and voluntarily waives:

(a) the rights set out in subparagraphs 1(b)-(f) above;

(b) the right to file any appeal or collateral attack, including but not limited to an application or motion under 28 U.S.C. § 2241 or 2255, that challenges his conviction, including but not limited to any appeal or collateral attack raising an argument that (1) the statute to which he is pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of such statute; and

(c) the right to file any appeal or collateral attack, including but not limited to an appeal under 18 U.S.C. § 3742 or an application or motion under 28 U.S.C. § 2241 or 2255, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraphs 13-18 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).

(d) Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims

2

of ineffective assistance of counsel or a challenge to the voluntariness of the defendant's guilty plea. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a six-count Information to be filed in the United States District Court for the District of Alaska. The Information will charge the defendant with one count of conspiring to accept kickbacks in violation of 18 U.S.C. § 371, four counts of accepting kickbacks in violation of 41 U.S.C. § 8702, and one count of filing a false tax return in violation of 26 U.S.C. § 7206(1).

3. The defendant will plead guilty to the criminal charges described in Paragraph 2 above pursuant to the terms of this Plea Agreement and accompanying Plea Agreement Addendum and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below. The United States agrees that at the arraignment, it will stipulate to the release of the defendant on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSES CHARGED

4. Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

**Kickback Scheme:**

(a) Fort Wainwright is a United States Army facility located in Fairbanks, Alaska. Between 2016 and 2021, the United States Army awarded contracts to various prime contractors for construction service and maintenance at Fort Wainwright.

(b) Beginning no later than March 2016 and continuing through at least March 2021, ("the relevant period"), defendant KEVIN MAHLER ("the defendant") was an employee of COMPANY B and COMPANY C, both of which were prime contractors providing

3

construction services at Fort Wainwright.

(c) During the relevant period, Benjamin McCulloch owned COMPANY A, a subcontractor providing flooring construction services to COMPANY B and COMPANY C at Fort Wainwright.

(d) During the relevant period, the defendant knowingly and willfully participated in a conspiracy with Benjamin McCulloch, the primary purpose of which was to provide kickbacks related to flooring construction contracts performed at Fort Wainwright.

(e) In furtherance of the conspiracy, the defendant engaged in communications and attended meetings with Benjamin McCulloch. In the course of these interactions, the defendant requested that Benjamin McCulloch inflate the prices COMPANY A charged COMPANY B and COMPANY C for flooring construction services at Fort Wainwright. The defendant agreed in the course of these interactions to receive approximately half of the inflated contract amounts from Benjamin McCulloch as kickbacks. The defendant received the kickbacks in the form of cash and goods. For example, the defendant requested and received as kickbacks, among other things, a Ford Explorer, Apple watches, and a side-by-side all-terrain vehicle from Benjamin McCulloch for his personal use.

(f) Acts in furtherance of this conspiracy were carried out within the District of Alaska. The conspiratorial meetings and discussions described above took place in the District of Alaska, the kickbacks were provided within the District of Alaska, and the flooring construction services that were the subject of this conspiracy were provided by Benjamin McCulloch and COMPANY A in the District of Alaska.

(g) Beginning on or around March 13, 2017, in a continuing course of conduct, the defendant knowingly and willfully received at least $47,563.22 in kickbacks from

4

Benjamin McCulloch as a prime contractor employee, for the purposes of improperly rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 1053 located on Fort Wainwright. Among the kickbacks the defendant received from Benjamin McCulloch was a 2017 Ford Explorer worth at least $45,164.00.

(h) Beginning on or around September 20, 2018, and continuing through at least December 2, 2020 the defendant knowingly and willfully received at least $32,021.87 in kickbacks from Benjamin McCulloch, as a prime contractor employee, for the purpose of improperly rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Building 3416 located on Fort Wainwright. The kickbacks the defendant received from Benjamin McCulloch included, among other things, Apple watches, TVs, a camera, a camera lens, binoculars, workout equipment, and cash payments.

(i) Beginning on or around January 29, 2020, and continuing through at least April 30, 2020, the defendant knowingly and willfully received at least $1,816.98 in kickbacks from Benjamin McCulloch, as a prime contractor employee, for the purpose of improperly rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at a Popeyes-Taco Bell restaurant, located on Fort Wainwright.

(j) Beginning in or around July 2020, in a continuing course of conduct, the defendant knowingly and willfully received at least $20,000 in kickbacks from Benjamin McCulloch, as a prime contractor employee, for the purpose of improperly rewarding favorable treatment in connection with a subcontract relating to a prime contract for construction services at Hangar 1, located on Fort Wainwright. Among the kickbacks

5

the defendant received from Benjamin McCulloch were cash payments and a side-by-side all-terrain vehicle worth approximately $16,499.

***Fraudulent Tax Returns***:

(k)  The kickbacks the defendant received were taxable income. However, the defendant did not report this income on his Form 1040 individual tax returns for the years 2017 through 2019. For each of these years, the defendant willfully made and subscribed a tax return under penalty of perjury that he did not believe to be true and correct as to every material matter.

(l)  For example, on or about April 18, 2018, in the District of Alaska, the defendant prepared and filed a tax return for tax year 2017 that did not include the $47,563 the defendant received as kickbacks that year from Benjamin McCulloch. The defendant's failure to accurately report his income resulted in an underpayment of taxes of $12,348.00 for tax year 2017.

## ELEMENTS OF THE OFFENSES

### 18 U.S.C. § 371 – Conspiracy to Provide Kickbacks (One Count)

5.  The elements of the charged offense are that:

(a)  Beginning at least as early as March 2016, and continuing through and around March 2021, there was an agreement between two or more persons to commit a crime against the United States, namely, to provide kickbacks in violation of the Anti-Kickback Act, 41 U.S.C. § 8702;

(b)  the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

(c)  one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

///

### 41 U.S.C. § 8702(1) – Receiving Kickbacks (Four Counts)

6. The elements of the charged offense are that:

    (a) The defendant was an employee of a prime contractor;

    (b) who knowingly and willfully received or attempted to receive, directly or indirectly, money, fees, commissions, credits, gifts, gratuities, things of value, or compensation;

    (c) from a sub-contractor employee; and

    (d) for the purpose of improperly providing or rewarding favorable treatment in connection with a subcontract relating to a prime contract.

### 26 U.S.C. § 7206(1) – Filing False Tax Return (One Count)

7. The elements of the charged offense are that:

    (a) The defendant made and subscribed a return, statement, or other document that was false as to a material matter;

    (b) the return, statement, or other document contained a written declaration that it was made under penalty of perjury;

    (c) the defendant did not believe the return, statement, or other document to be true as to every material matter; and

    (d) the defendant acted willfully.

### POSSIBLE MAXIMUM SENTENCE

8. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 18 U.S.C. § 371 is:

    (a) a term of imprisonment for five (5) years (18 U.S.C. § 371);

    (b) a fine in an amount equal to not more than the greatest of (1) $250,000; or (2)

7

twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 371; 18 U.S.C. § 3571(b) and (d)); and

 (c) a term of supervised release of one (1) year following any term of imprisonment.

9. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 41 U.S.C. § 8702 is:

 (a) a term of imprisonment for ten (10) years (41 U.S.C. § 8702);

 (b) a fine in an amount equal to not more than the greatest of (1) $250,000; or (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (41 U.S.C. § 8702; 18 U.S.C. § 3571(b) and (d)); and

 (c) a term of supervised release of three (3) years following any term of imprisonment.

10. The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 26 U.S.C. § 7206(1) is:

 (a) a term of imprisonment for ten (10) years (26 U.S.C. § 7206(1));

 (b) a fine of up to $250,000;

 (c) a term of supervised released of one (1) year following any term of imprisonment.

11. In addition, the defendant understands that:

 (a) pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(c)(1)(A)(ii) *et seq.*, the Court is required to order him to pay restitution to the victims of the offense; and

 (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

12. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2018 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Court will make Guidelines determinations by applying a standard of preponderance of the evidence. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

13. The government and the defendant agree that there is no material dispute as to the following sentencing guideline variables and therefore stipulate to the following:

    (a) The value of the improper benefit conferred results in an increase of 8 levels. The parties further agree that the defendant provided between $95,000 and $150,000 in kickbacks. U.S.S.G. §2B1.1(b)(1)(E).

14. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that it will recommend that the Court impose a sentence at the low end of the applicable guideline range as determined by the Court. The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

15. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that it will not

9

recommend that the Court impose a fine.

16. Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

17. The defendant agrees that the actual amount of restitution in relation to the 18 U.S.C. § 371 Conspiracy to be paid is $101,402 pursuant to 18 U.S.C. §§ 3583(d) and 3663(a)(3), payable in installments as set forth below with interest accruing under 18 U.S.C. § 3612(f)(1)-(2).

18. Defendant also agrees to pay restitution to the Internal Revenue Service in the total amount of $28,820.48, pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

19. The defendant understands that the Court will order him to pay a $100 special assessment for each crime pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any fine imposed.

20. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraphs 13-18 of this Plea

10

Agreement. The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose the recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## GOVERNMENT'S AGREEMENT

24. Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of a sentence, the United States agrees that it will not prosecute the defendant further for any other offense now known to the United States arising out of the subject of the investigation or related to the charges brought in the Information in this case. The non-prosecution terms of this paragraph do not apply to (a) any acts of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. §§ 1503 *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

25. The defendant understands that, upon sentencing, the Antitrust Division will report his conviction to the Department of Justice's Bureau of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management. The defendant understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. The defendant understands that he may be subject to additional suspension or debarment actions by state or federal agencies other than the Antitrust Division, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls what additional action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental

11

agency considering such additional action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that he wants to plead guilty regardless of the suspension or debarment consequences of his plea.

## REPRESENTATION BY COUNSEL

26.   The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement. After conferring with his attorney and considering all available alternatives, the defendant has made a knowing and voluntary decision to enter into this Plea Agreement.

27.   The defendant understands he may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare, or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

## VOLUNTARY PLEA

28.   The defendant's decision to enter into this Plea Agreement and to tender a plea of guilty is

12

freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.

29. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

30. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant may be subject to prosecution for any federal crime of which the United States has knowledge of including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense will be tolled for the period between the date of signature of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

31. The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement because of the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him. In addition, the defendant

13

unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

32. This Plea Agreement and its accompanying Plea Agreement Addendum constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charge in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

33. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

34. A facsimile or PDF signature will be deemed an original signature for the purpose of executing this Plea Agreement. Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

DATED: 1/25/2024

Respectfully submitted,

BY: _____
KEVIN MAHLER

Defendant

BY: _____
for GARY COLBATH

Counsel for Defendant

BY: _Nolan Mayther_
ANNE J. VELDHUIS
NOLAN J. MAYTHER
ANIRUDH KRISHNA
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate. Ave. Rm. 10-0101
San Francisco, CA 94102

14